CELESTINE COLUMBI *v.* J. M. REAMER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—993.]

**Conveyance by Trustee.**

A trustee in the execution of his trust under the direction of the chancellor has a legal right to convey, without or even against the consent of the cestui que trust or minor children, any or all of the property held in trust. The court has jurisdiction without bringing the parties before it to appoint a trustee to carry out the terms of the trust and to regulate the manner of its exercise.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 17, 1883.

OPINION BY JUDGE HINES:

Mrs. Reamer, one of the appellees, held as general estate an undivided interest in several parcels of land which she, uniting with her husband, coappellee, conveyed in trust to Crawford. The trust deed provided that the property should be held by Crawford as her separate estate, with power to sell to pay certain designated debts, and upon the written request of Mrs. Reamer to sell for reinvestment or for improvements to be made on other portions of the property; and it was further provided that the income from the estate should be paid to Mrs. Reamer or her agent for her separate use, that the trustee might make advances to her out of the principal of the fund and that "whatever of said property or proceeds remains after the death of said Lizzie L. Reamer, is to be likewise held in trust for her children then living, and the issue, if any, of such as may be dead, and in the event of the death of all the children without issue the property or proceeds then remaining to go to her husband." An action was instituted in equity for partition of the lands, pending which Crawford died, and by supplemental pleadings appellees presented that fact to the consideration of the chancellor and asked the appointment of a trustee to execute the trust. The chancellor appointed the husband, J. M. Reamer, trustee, and gave a conveyance, through the commissioner of the court, containing all the powers in the original trust deed "except as to any power of sale or disposal of the property or any part thereof unless upon future order of said court expressly authorizing the same, all of which powers are to be excepted out of the deed now ordered and are not now given to said Reamer as trustee, but the court reserves the power to direct sales and make further orders in the premises." On partition being accomplished a deed was made to the trustee, Reamer, of the land in controversy and upon the trusts indicated. Subsequently and in the same proceeding, Mrs. Reamer and her husband entered into a petition asking the chancellor to permit the sale of this property for the sum of $6,000. Permission was given by the chancellor, the land sold to appellant, on the written request of the wife to her husband, the trustee, and a conveyance tendered the purchaser which he re-

fused to accept. The chancellor adjudged that the conveyance gave the appellant a good title, and from that decree this appeal is taken.

It is suggested that appellant does not get a good title because the children of Mrs. Reamer, who were to take at the death what might remain of the property or its proceeds, were not made parties in the proceeding by which the chancellor was asked to appoint a trustee to execute the trust and in which the appointment was made with the reservation that sales should not be made without the approval of the chancellor.

We are of the opinion that the deed tendered conveys an absolute title. The proceeding was not for the judicial determination of the rights of the children of Mrs. Reamer. Under the original trust deed the trustee, upon the written request of Mrs. Reamer, had an unquestioned right to convey without, or even against the consent of the children, any or all of the property held in trust, and the only effect of the order of court appointing the present trustee is to restrict the exercise of the discretion of the trustee in making sales and to require, in addition to the other terms of the trust, the approval of the chancellor. The court had unquestionable jurisdiction, without bringing the children of Mrs. Reamer before it, to appoint a trustee to carry out the terms of the trust and to regulate the manner of its exercise, a matter with which the children have no concern. The trustee derives his power to act as such from the chancellor, but nothing more. The manner of holding and the terms of his holding must be determined by the original deed of trust.

Judgment *affirmed*.

*Alex P. Humphrey, for appellant.*

*A. E. Willson, for appellees.*